UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v.   § | No.  1:23-CR-00196-RP |
| § | |
| (1) GABRIEL CECILIO OSORIO, § | |
| *Defendant* § | |

# ORDER

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I have considered the evidence and proffers presented during the hearing, the pleadings on file, the recommendation of Pretrial Services, and the four factors set out in the Bail Reform Act, 18 U.S.C. § 3142(g). In light of all of this, I find that the record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

The reasons for my decision include, in particular:

- the nature and circumstances of the offense charged, namely, Osorio's dealing in multiple thousands of counterfeit oxycontin pills containing fentanyl;

- the weight of the evidence against the person, including evidence seized at the time of his arrest (particularly, a bag containing fentanyl pills that he was carrying) and evidence obtained during the search of his residence following his arrest, which included additional fentanyl pills, along with a large amount of bulk cash, 4 firearms (2 handguns, an uzi-style pistol, and

1

- an assault rifle), and scales and money counters, all indicating Osorio dealt in large volumes of narcotics;

- the history and characteristics of the person, including his criminal history, his history of failing to abide by conditions of release, multiple instances of evading arrest (including leading law enforcement on a high-speed chase while driving on the wrong side of the road and on a sidewalk), his lack of any recent legitimate employment, and the pendency of a state-court charge at the time of his arrest on this charge;

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release, including his choice to make a living dealing fentanyl, his possession of multiple firearms at his home at the time of his arrest, and his willingness to drive recklessly to evade arrest; and

- finally, the operation of the presumption in 18 U.S.C. § 3142(e)(3) that detention is needed because the crime charged is a narcotics offense for which the maximum penalty is ten years or more (which, even when rebutted, remains as a factor for the Court's consideration).

This record establishes (1) by a preponderance of the evidence that no combination of conditions will reasonably assure the defendant's presence as required, and (2) by clear and convincing evidence that that no condition or combination of conditions will reasonably assure the safety of any other person and the community.

## DIRECTIONS REGARDING DETENTION

Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections

facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SIGNED March 6, 2024.

                                        DUSTIN M. HOWELL
                                      UNITED STATES MAGISTRATE JUDGE